

**FILED & ENTERED**

MAY 28 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>TAMI OHANA,<br><br>    Debtor. | Case No. 2:14-bk-20333-RK<br><br>Chapter 7<br><br>ORDER ON EMERGENCY MOTION FOR IMMEDIATE STAY OF WRIT OF EXECUTION OF REAL PROPERTY |

On May 28, 2014, Tami Ohana ("Debtor") filed an Emergency Motion for Immediate Stay of Writ of Execution of Real Property (Docket No. 5) (the "Emergency Motion").

Having reviewed and considered the moving papers, and construing the Emergency Motion as an application for temporary restraining order ("TRO") without notice since Debtor is seeking emergency relief to restrain her landlord from executing on a judgment for possession of leased premises, the court hereby denies the Emergency Motion on the ground that Debtor has failed to show that she made adequate efforts to notify the party against which emergency injunctive relief is sought, Coronado Towers LLC (the "landlord"), or that there are justifiable reasons for issuing the TRO without notice and injunctive relief may only be sought by an adversary proceeding, which has

not been brought. Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure, generally incorporating by reference, Rule 65 of the Federal Rules of Civil Procedure; Local Bankruptcy Rule 7065-1; *see Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131-1132 (9th Cir. 2006). Based on the record before this court, Debtor does not describe in her moving papers any effort on her part to notify the landlord of the application for TRO (i.e., the emergency motion) or why emergency relief can be justifiably issued without notice to the landlord. Accordingly, the court denies the Emergency Motion without prejudice and will issue a separate Order to Show Cause re Issuance of Preliminary Injunction.

    The court makes no determination whether an automatic stay is or is not in place due to the prepetition judgment for possession for the landlord from an unlawful detainer proceeding and whether there is a cure pursuant to 11 U.S.C. §§ 362(a)(3), (b)(22) and (*l*).

    IT IS HEREBY ORDERED that Debtor's Emergency Motion is denied without prejudice.

    IT IS SO ORDERED.

###

Date: May 28, 2014

_____
Robert Kwan
United States Bankruptcy Judge