

**FILED & ENTERED**

**JUN 09 2014**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell  **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>TAMI OHANA,<br><br>                    Debtor. | Case No. 2:14-bk-20333-RK<br><br>Chapter 7<br><br>ORDER DENYING DEBTOR'S EX PARTE APPLICATION FOR IMMEDIATE STAY OF WRIT OF EXECUTION OF REAL PROPERTY PENDING HEARING ON ADVERSARY COMPLAINT/PROCEEDINGS AGAINST CREDITOR CORONADO LLC |

Pending now before this court is a further renewed Ex Parte Application for Immediate Stay of Writ of Execution of Real Property Pending Hearing on Adversary Complaint/Proceedings Against Creditor Coronado Towers LLC (Docket No. 22) (the "Further Renewed Application") filed by Debtor on June 9, 2014.

Having reviewed and considered the Further Renewed Application, and construing the Further Renewed Application as an application for temporary restraining order ("TRO"), the court hereby denies the Further Renewed Application without prejudice because Debtor does not meet the requirements for TRO (i.e., Debtor does not show a

likelihood of success on the merits).  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

The court previously denied Debtor's Ex Parte Application, filed May 30, 2014, without prejudice because Debtor did not show a likelihood of success on the merits, and set the Ex Parte Application for hearing by separate order treated as a motion for preliminary injunction.  The Order to Show Cause re Issuance of Preliminary Injunction is currently set for hearing on June 24, 2014 at 1:30 p.m.  Apparently, Debtor's Further Renewed Application was to remedy the court's previous determination that Debtor's Ex Parte Application did not show a likelihood of success on the merits.

Debtor now argues the Superior Court "conveniently omitted and dispapperead [sic] all the evidence submitted by the debtor from the minute record" and the Superior Court "willfully misstated it's [sic] own record by obliterating defendant's exhibits to facilitate plaintiff's position."  Further Renewed Application at 6-7.  Debtor offers these arguments "to explain to the Court why she has such a strong case proving that the judgment enterd [sic] by the Superior Court is outragiosly [sic] erroneous."  Further Renewed Application at 4.

The court determines Debtor has not met her burden in proving she is entitled to a TRO because she has not shown a likelihood of success on the merits because: (1) judgment was entered against her in the state court unlawful detainer action; (2) she has filed an appeal of the unlawful detainer judgment, arguing that the state trial court committed error; (3) she has not indicated that she sought stay pending appeal in the state appellate court, and in essence, debtor is in effect asking this court to enter a stay pending appeal in the state court action; (4) the automatic stay in bankruptcy may not be in effect here pursuant to 11 U.S.C. § 362(b)(22) since this involves residential property leased by debtor in which the landlord has obtained an unlawful detainer judgment, and debtor has not shown that she qualifies for the reimposition of the stay pursuant to the conditions of 11 U.S.C. § 362(*l*); (5) this case is a Chapter 7 liquidation case not involving a reorganization of the debtor, thus, the property is not necessary for the reorganization

1  of the debtor, and debtor has no equity in the property, see 11 U.S.C. § 362(d)(2)

2  (grounds for stay relief).

3      Accordingly, the court determines at this time that Debtor has not shown a

4  likelihood of success on the merits and therefore denies this Further Renewed

5  Application without prejudice.

6      IT IS SO ORDERED.

7      ###

Date: June 9, 2014

Robert Kwan
United States Bankruptcy Judge

3